UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:12-CR-81 RM |
| ) | |
| CARL R. SMITH ) | |

OPINION and ORDER

On July 11, 2012, an indictment was returned against Carl Smith charging him with being a felon in possession of firearms. He was arrested on July 20 and has pleaded not guilty. Trial is set for January 29, 2013.

Mr. Smith has filed a motion seeking suppression of all items seized from his residence pursuant to a search warrant issued March 13, 2012 by a judge of the Wabash County Circuit Court. Mr. Smith contends the search warrant wasn't supported by probable cause in violation of the Fourth Amendment. The government filed its opposition to the suppression motion; Mr. Smith was given additional time to file a reply, but no reply was filed and the time for doing so has passed. Because Mr. Smith hasn't identified any "specific material factual dispute requiring resolution through an evidentiary hearing," no hearing on his motion is warranted. United States v. McGaughy, 485 F.3d 965, 969 (7th Cir. 2007); *see also* United States v. Brown, No. 11-3150, 2012 WL 1862328, at *2 (7th Cir. May 23, 2012) ("An evidentiary hearing is necessary only when there is a disputed issue of material fact . . . and here the only disagreement was whether the

application for the search warrant supports the determination of probable cause.").

The search warrant at issue, which permitted police to search Carl Smith's residence and outbuildings on Webster Street in Largo, Indiana was based on the affidavit of Ryan Baker, a detective with the Wabash County Sheriff's Department. Detective Baker based his affidavit on information he received from Ryan Warren, an inmate at the Wabash County Jail, and Levi Smith, Carl Smith's son, relating to stolen property located at the Webster Street address. Mr. Smith argues that Det. Baker's affidavit was insufficient because Det. Baker's didn't (i) set forth any details about who Levi Smith is or where he lives, (ii) reveal whether police were familiar with Levi Smith, (iii) disclose why Levi Smith was contacting police, or (iv) specify how Levi Smith acquired his knowledge about the allegedly stolen items. In addition, Mr. Smith says Det. Baker didn't try to corroborate the information from Levi Smith, and Levi Smith's claims that there were "several stolen items," "a stolen moped," "several stolen guns," and "stolen tools" at the Webster Street address lacked "a significant amount of detail." Mot., at 3. Mr. Smith concludes that Det. Baker's affidavit didn't establish that Levi Smith's statements to police were sufficiently reliable to support a finding of probable cause.

A court reviewing a search warrant must give "great deference" to the issuing judge's finding of probable cause so long as that judge "had a substantial basis for concluding that probable cause existed." Illinois v. Gates, 462 U.S. 213,

236, 238-239 (1983). "Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." United States v. Searcy, 664 F.3d 1119, 1122 (7th Cir. 2011). Thus, "[t]he task of the issuing [judge] is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. at 238. When an affidavit is the only evidence presented to the issuing judge, "the validity of the warrant rests solely on the strength of the affidavit." United States v. Peck, 317 F.3d 754, 755 (7th Cir. 2003).

Detective Baker states in his affidavit in support of probable cause that on March 13 he learned from Ryan Warren, an inmate at the Wabash County Jail, that in late February/early March 2012 Mr. Warren and Aaron Combs cleaned up a John Deere riding mower Mr. Combs had stolen from a local residence and delivered that mower to a house in Largo, Indiana, to be sold. Mr. Warren said he didn't know the exact address of that house or who lived there, but he could give Det. Baker directions to the house. Following those directions, Det. Baker and Mr. Warren traveled to the house where the mower was to be sold – the Webster Street

residence of Carl Smith – and also to the house where the mower had been stolen – the residence of Kyle Kerr.

Det. Baker says he interviewed Mr. Kerr, who said he didn't know his mower had been stolen; he thought his father-in-law had borrowed it without telling him. Det. Baker says he spoke with Carl Smith, who said he bought a riding mower from Aaron Combs, but sold it to someone else, and he would get back to Det. Baker with information about the current location of the mower. Det. Baker says he didn't hear back from Carl Smith.

Later that day, Det. Baker received word from Wabash County Central Dispatch that Levi Smith, Carl Smith's son, had called the Sheriff's Department to report that Carl Smith had a John Deere riding mower stored in a shed on the Webster Street property. Det. Baker contacted Levi Smith, who told him that during the last two weeks Aaron Combs had taken stolen items to Carl Smith's house, including a moped, tools, and several guns that Carl Smith put into his safe. Det. Baker says Levi Smith also said he was worried that his dad would be upset when learning that Levi had contacted law enforcement officials.

An affidavit relying on information supplied by an informant requires the court to employ a totality of the circumstances inquiry encompassing several factors:

> [F]irst, the degree to which the informant acquired knowledge of the events through firsthand observation; second, the detail and specificity of the information provided by the informant; third, the interval between the date of the events and a police officer's

application for the search warrant; and fourth, the extent to which law enforcement corroborated the informant's statements. No one factor is determinative and a deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability.

United States v. Searcy, 664 F.3d 1119, 1122 (7th Cir. 2011) (internal quotation and citations omitted).

The initial information supplied by Ryan Warren to Det. Baker was based on specific information Mr. Warren obtained from Aaron Combs, as well as Mr. Warren's firsthand observations of the mower, the place from which it had been stolen, and the place where it was dropped off to be sold, events Mr. Warren described as having taken place within a few weeks of his report to Det. Baker. With Mr. Warren's help, Det. Baker was able to discover the locations and owners of the two properties Mr. Warren described, verify that the mower had been stolen, and confirm that Carl Smith had been in possession of the mower.

The subsequent information supplied to Det. Baker was volunteered by Levi Smith – he disclosed his name and relationship to Carl Smith and provided specific details about the location of various stolen items on Carl Smith's property. Levi Smith confirmed information Ryan Warren had supplied to Det. Baker, *i.e.*, that Aaron Combs had stolen various items and taken them to Carl Smith's house and that the events at issue had taken place within the preceding two weeks. Mr. Smith's claim that the information provided by Levi Smith lacked detail and wasn't corroborated by Det. Baker is without support.

5

The court can't agree with Mr. Smith's conclusion that Detective Baker's affidavit didn't provide sufficient probable cause for the issuance of a search warrant. "Probable cause requires only a probability or substantial chance that evidence may be found; it does not, by contrast, require absolute certainty." United States v. Sidwell, 440 F.3d 865, 869 (7th Cir. 2006). Detective Baker identified his sources by name, both sources provided very similar details about their firsthand knowledge of thefts by Aaron Combs and various stolen items being located at Carl Smith's Webster Street address, and the events detailed were reported to have occurred within a couple weeks of their disclosure to Det. Baker on March 13, the same day the search warrant was issued. Under a totality of circumstances analysis, the court concludes that the information set forth in Det. Baker's affidavit "provided the issuing judge with a substantial basis for finding probable cause" for issuance of the warrant. United States v. Newsom, 402 F.3d 780, 782 (7th Cir. 2005).

Based on the foregoing, the court DENIES Mr. Smith's motion to suppress [docket # 20].

SO ORDERED.

ENTERED:   November 26, 2012

    /s/ Robert L. Miller, Jr.
Judge, United States District Court